IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ROSALINDA SANCHEZ**                                                      **PLAINTIFF**

vs.                                          No. 5:20-cv-976

**OPCION UNO, LTD., SAN PEDRO**                    **DEFENDANTS**
**BROWN, LLC, and J. CASH CARY**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Rosalinda Sanchez ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Opcion Uno, Ltd., San Pedro Brown, LLC, and J. Cash Cary (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Texas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7. Plaintiff was employed at Defendant's business in San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

10. Plaintiff is an individual and a resident and domiciliary of Bexar County.

11. Separate Defendant Opcion Uno, Ltd. ("Opcion Uno"), is a domestic limited partnership.

12. Opcion Uno's registered agent for service of process is J. Cash Cary at 8918 Tesoro, Suite 500, San Antonio, Texas 78217.

13. Separate Defendant San Pedro Brown, LLC ("San Pedro Brown"), is a domestic limited liability company.

14. San Pedro Brown's registered agent for service of process is J. Cash Cary at 8918 Tesoro Drive, Suite 500, San Antonio, Texas 78217.

15. Separate Defendant J. Cash Cary ("Cary") is an individual and a resident of Texas.

16. Defendants do business as FirstOption Workforce Solutions.

17. Defendant maintains a website at https://www.firstoptionws.com/.

### IV.     FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19. Cary is the owner, principal, officer and/or director of Opcion Uno and San Pedro Brown.

20. Cary manages and controls the day-to-day operations of Opcion Uno and San Pedro Brown, including but not limited to the decision to not pay Plaintiff for all hours worked, nor a sufficient premium for hours worked in excess of forty (40) per week.

21. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

22. Upon information and belief, the revenue generated from Opcion Uno and San Pedro Brown was merged and managed in a unified manner.

23. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

24. Defendant is a staffing agency, and contracts with businesses to help them fill their staffing needs.

25. Defendant's office is located in San Antonio.

26. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

27. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

28. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

29. Defendant employed Plaintiff from December of 2019 until July of 2020.

30. Specifically, Defendant employed Plaintiff as a salaried recruiter.

31. As a recruiter, Plaintiff was responsible for checking in with businesses and helping them fill any available positions by providing resumes of potential candidates.

32. At all relevant times herein, Defendant directly hired Plaintiff to work in its staffing agency, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

33. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

34. Plaintiff did not have the authority to hire or fire any other employee.

35. Plaintiff was not asked to provide input as to which employees should be hired or fired.

36. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

37. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

38. Plaintiff generally worked from 8 AM to 5:30 or 6:00 PM, Monday through Friday, and performed additional work in the evenings and on weekends such as responding to emails and phone calls.

39. Plaintiff estimates she regularly worked between 45 and 55 hours per week.

40. Defendant did not keep track of Plaintiff's time, either while she was in the office or when she was working from home.

41. Defendants did not pay Plaintiff one and one-half (1.5) her regular rate for hours worked over forty (40) in a week.

42. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty (40) per week.

43. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

### V.   CAUSE OF ACTION—Violation of the FLSA

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to

the FLSA, 29 U.S.C. § 201, *et seq.*

46. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

49. At all times material herein, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

50. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

51. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rosalinda Sanchez respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendant's practices alleged herein violated the FLSA and its relating regulations;

B.     Judgment for damages for all unpaid overtime wages pursuant to the FLSA and its relating regulations;

C.     Judgment for liquidated damages pursuant to the FLSA and its relating regulations;

D.     An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ROSALINDA SANCHEZ**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com